**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MARINO LEYBA,

      Plaintiff,

v.                                                                      Case No. 19-cv-0826 KWR-KRS

STATE OF NEW MEXICO
DEPARTMENT OF CORRECTIONS, *et al,*

      Defendants.


**MEMORANDUM OPINION AND ORDER**

      This matter is before the Court on Plaintiff Marino Leyba's *Pro Se* Civil Rights Complaint (Doc. 1). He seeks damages on the ground that his state criminal sentence is illegal. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Court concludes Plaintiff's claims fail as a matter of law. The Court will therefore dismiss the Complaint with prejudice.

**Background**[1]

      Plaintiff pled guilty to some unspecified crime in New Mexico's First Judicial District Court. (Doc. 1 at 2, 4). Although Plaintiff does not indicate what sentence he received, he contends the sentence is illegal. *Id.* at 4-6. It appears the sentence includes an aggravating-circumstance enhancement under N.M.S.A. § 31-18-15.1(D). *Id.* at 4. Plaintiff alleges the enhancement increased the sentence beyond the "maximum authorized by law." *Id.* at 5. He also contends he would not have entered a plea, had the state prosecutors notified him about the enhancement. *Id.* at 4. Alternatively, Plaintiff alleges he was not competent to enter a plea. *Id.* at 5.

---

[1]    For the purpose of this ruling, the Court assumes the facts in the Complaint (Doc. 1) are true.

Based on these facts, the Complaint raises claims for due process violations and "deliberate indifference to Plaintiff's [illegal] sentence." (Doc. 1 at 5). The Complaint names three Defendants: (1) the New Mexico Department of Corrections; (2) District Attorney Yvonne Chicoine; and (3) District Attorney Petra Schwartz. *Id.* at 1, 3. Plaintiff seeks $150,000 in damages under 42 U.S.C. § 1983. *Id.* at 8. He obtained leave to proceed *in forma pauperis,* and the matter is ready for initial review.

**Standards Governing Initial Review**

Section 1915(e) of Title 28 requires the Court to conduct a *sua sponte* review of all civil complaints filed while an individual is incarcerated. The Court must dismiss any inmate complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …

poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* However, it is not the "proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

**<u>Analysis</u>**

The Complaint raises claims under 42 U.S.C. § 1983, which "requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

Applying these standards, Plaintiffs does not state a cognizable claim against any Defendant. As a state agency, the "New Mexico Department of Corrections [NMDOC] is not a 'person' subject to suit under § 1983." *See Blackburn v. Department of Corrections*, 172 F.3d 62, 63 (10th Cir. 1999). Prosecutors Chicoine and Schwartz are also absolutely immune from suit for actions "taken in connection with the judicial process." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). This includes initiating a prosecution and conducting plea negotiations. *See Pfeiffer v. Hartford Fire Ins. Co.,* 929 F.2d 1484, 1490 (10th Cir. 1991); *Nielander v. Board of County Com'rs.,* 582 F.3d 1155, 1164 (10th Cir. 2009). Plaintiff therefore cannot sue Chicoine, Schwartz, or the NMDOC, even if he received an above-guideline sentence.

Alternatively, the requested relief is barred under *Heck v. Humphry*, 512 U.S. 477, 487 (1994). *Heck* held that the Federal Court must dismiss any § 1983 damages claim that, if resolved

in the plaintiff's favor, would necessarily imply the invalidity of his conviction or sentence. *Id.* at 487. Compensating Plaintiff for any illegal sentence would clearly imply that the state criminal judgment is invalid. *See Denney v. Werholtz*, 348 Fed. App'x 348, 351 (10th Cir. 2009) (unpublished) (affirming district court's application of *Heck* to plaintiff's § 1983 claim challenging an "indeterminate [state] sentence").

For these reasons, the Complaint fails to state a claim upon which relief can be granted. The Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e).

**The Court Declines to *Sua Sponte* Invite an Amendment**

Having determined the complaint must be dismissed, the Court will *sua sponte* consider whether to allow Plaintiff to amend the pleading. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* prisoners should normally be given an opportunity to remedy defects in their pleadings. *Id.* However, courts need not order an amendment when any amended claims would also be subject to immediate dismissal under Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915. *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). As a matter of law, Plaintiff cannot recover money damages from the parties responsible for his state prosecution or sentence. Challenges to a state sentence must be brought through a 28 U.S.C. § 2254 habeas corpus proceeding. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). The Court therefore declines to *sua sponte* order an amendment and will dismiss the Complaint with prejudice. The Court will also direct the Clerk's Office to mail Plaintiff a form 28 U.S.C. § 2254 petition, if he wishes to challenge to state sentence through a habeas proceeding.

**IT IS ORDERED** that Plaintiff's Civil Rights Complaint (**Doc. 1**) is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e); and the Court will enter a separate judgment consistent

closing the civil case.

**IT IS FURTHER ORDERED** that the Clerk's Office shall **MAIL** Plaintiff a form 28

U.S.C. § 2254 habeas petition along with a form application to proceed *in forma pauperis*.

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE